# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Wilber Gallegos-Duran,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-10-1119-PHX-SRB (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 24, 2010 (Doc. 1). On December 2, 2010, Respondents filed their Answer (Doc. 12). Petitioner has not filed a reply.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

## A. FACTUAL BACKGROUND

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the factual background as follows:

> During the summer of 2007, victim B.L., an eleven year old girl who is deaf, communicated to her Mother that she had been sexually assaulted by Defendant Wilbur Gallegos-Duran. Gallegos-Duran, his wife, and their infant daughter were living with B.L.'s Mother's family at the time. B.L. told her Mother that one evening while she was sleeping, Gallegos-Duran entered her room and had sex with her. She

> also said that on another occasion during an afternoon, Gallegos-Duran had sex with her in the living room of their house. B. L.'s Mother reported these incidents to the police. After interviewing both B.L. and Gallegos-Duran, Detective Janina Austin arrested Gallegos-Duran.

(Exhibit H, Mem. Dec. at 2-3.) (Exhibits to the Answer, Doc. 12, are referenced herein as "Exhibit ___.") Movant was indicted in Maricopa County Superior Court on two counts of sexual conduct with a minor. (*Id.* at 3; Exhibit A, Indictment.)

## B. PROCEEDINGS AT TRIAL

Petitioner proceeded to a jury trial and was found guilty on the bedroom count, and not guilty on the living room incident. (Exhibits C and D, Verdicts; Exhibit B, M.E. 7/31/08.) Petitioner was sentenced to 35 years in prison. (Exhibit E, Sentence.)

## C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a notice of appeal, and counsel ultimately filed an Opening Brief (Exhibit F) evidencing an inability to find an issue for review. Petitioner filed a *pro per* Supplemental Brief (Exhibit G). Petitioner's brief raised four claims:

1.   His sentence was an abuse of discretion and not authorized by statute.

2.   The trial judge and prosecutor made inappropriate comments, biasing the jury.

3.   Insufficient evidence of guilt.

4.   The victim's testimony was inconsistent, and failed to report other sexual conduct, and the prosecutions' expert was permitted to offer various improper testimony.

(Exhibit G at 4-5.)

The Arizona Court of Appeals rejected each claim and affirmed Petitioner's conviction and sentence. (Exhibit H, Mem. Dec.)

Petitioner obtained an extension of time to file a petition for review. (Exhibit I, Order 10/6/09.) He did not seek such review, and the Arizona Court of Appeals issued its mandate on December 29, 2009. (Exhibit J, Mandate.)

**D. PROCEEDINGS ON POST-CONVICTION RELIEF**

     Petitioner did not seek post-conviction relief.  (Exhibit K, Docket; Petition, Doc. 1 at 4.)


**E. PRESENT FEDERAL HABEAS PROCEEDINGS**

     **Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 24, 2010 (Doc. 1.)  Petitioner's Petition asserts the following four grounds for relief:

    1.    **Impartial Jury** - Petitioner was denied his Sixth Amendment right to an impartial jury as a result of biasing comments from the judge and prosecutor.

    2.    **Unauthorized Sentence** - Petitioner was denied his Firth and Fourteenth Amendment rights to due process when he received a sentenced greater than that authorized under the state's statute.

    3.    **Insufficient Evidence** - Petitioner was denied his Firth and Sixth Amendment rights to due process when he was convicted on insufficient evidence.

    4.    **Ineffective Assistance** - Petitioner was denied his Sixth Amendment right to effective assistance of counsel when trial counsel failed to object to the improprieties in grounds 1 through 3.

Petitioner asserts that he raised all of these claims on direct appeal, with the exception of Ground 4, which he asserts cannot be asserted on direct appeal.

     **Response** - On December 2, 2010, Respondents filed their Response ("Answer") (Doc. 12).  Respondents argue that Petitioner's claims were not fairly presented to the Arizona Court of Appeals, thus his state remedies on them were not properly exhausted, and are now procedurally defaulted.  Respondents also address the merits of the claims.

     **Reply** - The Court's service order (Doc. 7) gave Petitioner 30 days from service of the Answer to reply.  Petitioner has not done so and the time to do so has expired.

/ /

/ /

# III. APPLICATION OF LAW TO FACTS

## A.  EXHAUSTION & PROCEDURAL DEFAULT

Respondents argue that Petitioner's claims were never fairly presented to the state courts, his state remedies were not properly exhausted and are now procedurally defaulted, and thus his claims are barred from habeas review.

## 1.  Exhaustion Requirement

Generally, a federal habeas court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

### a.  Proper Forum/Proceeding

Ordinarily,  "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.   This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

### b.  Fair Presentment

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented."  That is, the petitioner must provide the state courts with a "fair

opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

### c. Application to Petitioner's Claims

**Ground 1 - Impartial Jury** - For his Ground 1 for relief, Petitioner argues he was denied his Sixth Amendment right to an impartial jury as a result of biasing comments from the judge and prosecutor. (Petition, Doc. 1 at 6.) Respondents concede that the factual allegations underlying this claim were presented to the Arizona Court of Appeals in Petitioner's Supplemental Brief, but argue that it was not presented as a federal constitutional claim. (Answer, Doc. 12 at 10-11.)

Indeed, Petitioner did argue these facts to the Arizona Court of Appeals in his second issue for review. (Exhibit G, Suppl. Brief at 4, 7-9.) However, in doing so, he made no reference to any federal law. The only authorities he cited were the Arizona Code of Judicial Conduct and Arizona Code of Judicial Administration. (*Id.* at 9.) The Arizona Court of Appeals addressed the claim without any reference to federal law. (Exhibit H, Mem. Dec. at 5-6.)

Failure to alert the state court to the constitutional nature of the claim amounts to failure to exhaust state remedies. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*).

Accordingly, the undersigned finds Petitioner's federal claim in Gourd 1 was not fairly presented to the state courts, and thus his state remedies were not properly exhausted.

**Ground 2 - Unauthorized Sentence** - For his Ground 2 for relief, Petitioner argues he was denied his Fifth and Fourteenth Amendment rights to due process when he received

a sentence greater than that authorized under the state's statute. (Petition, Doc. 1 at 7.) Respondents concede that the factual allegations underlying this claim were presented to the Arizona Court of Appeals in Petitioner's Supplemental Brief, but argue that it was not presented as a federal constitutional claim. (Answer, Doc. 12 at 12.)

Indeed, Petitioner did argue these facts to the Arizona Court of Appeals in his first issue for review. (Exhibit G, Suppl. Brief at 4, 6-7.) However, in doing so, he made no reference to any federal law. The only authorities he cited were the Arizona sentencing statutes. (*Id.* at 6-7.) The Arizona Court of Appeals addressed the claim solely on the basis of the Arizona statutes. (Exhibit H, Mem. Dec. at 4-5.)

Accordingly, the undersigned finds Petitioner's federal claim in Ground 2 was not fairly presented to the state courts, and thus his state remedies were not properly exhausted. *Duncan*, 513 U.S. at 366; *Anderson*, 459 U.S. at 6.

**Ground 3 - Insufficient Evidence** - For his Ground 3 for relief, Petitioner argues he was denied his Fifth and Sixth Amendment rights to due process when he was convicted on insufficient and false evidence. (Petition, Doc. 1 at 8.) Respondents again concede that the factual allegations underlying this claim were presented to the Arizona Court of Appeals in Petitioner's Supplemental Brief, but argue that it was not presented as a federal constitutional claim. (Answer, Doc. 12 at 14-15.)

Indeed, Petitioner did argue these facts to the Arizona Court of Appeals in his third and fourth issues for review. (Exhibit G, Suppl. Brief at 4-5, 10-15.) However, in doing so, the made no reference to any federal constitutional guarantee, and the only federal authorities he cited were *United States v. Bighead*, 128 F.3d 1329 (9th Cir. 1997) and *United States v. Toledo*, 985 F.2d 1462 (10th Cir. 1993). (*Id.* at 14, 16.)

Petitioner cited *Bighead* for the proposition that the prosecution's expert was improperly permitted to testify about extra-judicial statements by a trial witness. (Exhibit G at 14.) *Bighead* involved an assertion that an expert's credibility determinations failed to pass the Federal standard for expert testimony under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *Daubert* was not a constitutional decision, but was based upon

the Federal Rules of Evidence. Thus, citation to *Bighead* would not have alerted the state courts to the assertion of a federal constitutional claim.

Petitioner cited *Toledo* for the proposition that the prosecution's expert should not have been permitted to testify on the behavioral characteristics of an abused child because of her inability to determine which children had actually been abused. (Exhibit G at 15.) And, *Toledo* addressed the admissibility of expert opinion in a federal prosecution under Federal evidentiary law. Citation to *Toledo* would not have alerted the state court to the assertion of a federal due process claim.

The Arizona Court of Appeals addressed the claim solely on the basis of the Arizona law on credibility determinations. (Exhibit H, Mem. Dec. at 5-6.)

Accordingly, the undersigned finds Petitioner's federal claim in Ground 3 was not fairly presented to the state courts, and thus his state remedies were not properly exhausted. *Duncan*, 513 U.S. at 366; *Anderson*, 459 U.S. at 6.

**Ground 4 - Ineffective Assistance** - For his Ground 4 for relief, Petitioner argues he was denied his Sixth Amendment right to effective assistance of counsel when trial counsel failed to object to the improprieties in grounds 1 through 3. (Petition, Doc. 1 at 9.) Petitioner acknowledges that he has not presented this claim to the Arizona Court of Appeals, but argues that it could not be presented on direct appeal. (*Id.*)

Indeed, Arizona directs that claims of ineffective assistance be brought in a Petition for Post-Conviction Relief. *See State v. Spreitz,* 202 Ariz. 1, 3, 39 P.3d 525, 527 (2002) ("Accordingly, we reiterate that ineffective assistance of counsel claims are to be brought in Rule 32 proceedings. Any such claims improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit."). That does not, however, explain Petitioner's failure to raise his ineffectiveness claim in a Rule 32 proceeding. *See Roettgen*, 33 F.3d at 38 ("to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32").

Accordingly, the undersigned finds Petitioner's federal claim in Ground 4 was not

fairly presented to the state courts, and thus his state remedies were not properly exhausted.

**Summary re Exhaustion** - Based upon the foregoing, the undersigned finds that Petition has failed to establish fair presentation and proper exhaustion of his state remedies on any of his grounds for relief.

## 2. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would  excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts, and thus they are procedurally defaulted. Respondents generally rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time bar, set out in Ariz. R. Crim. Proc. 32.4(a).  (Answer, Doc. 12 at 8.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence.  The Arizona Rules of Criminal Procedure  do  not  provide  for  a  successive  direct  appeal.  *See generally* Ariz.R.Crim.P. 31.  Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** - Petitioner can no longer seek review by a subsequent PCR Petition.  Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post conviction relief that  "has been waived at trial, on appeal, or in any previous collateral proceeding."    Ariz.R.Crim.P. 32.2(a)(3).  Under this rule,  some claims may be deemed waived if the State simply shows

"that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.* That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). In coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.[1]

Here, Petitioner's unexhausted claims do not fit within the list of claims identified as requiring a personal waiver. Nor are they of the same character.

Therefore, it appears that other than his ineffective assistance claim in Ground 4 (which should have been brought in a timely PCR proceeding) Petitioner's claims would be precluded by his failure to raise them in an earlier proceeding.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising any of his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting

---

[1] Some types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart,* 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes*, 216Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller*, 2008 WL 2651659 (App. 2008).

that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz.R.Crim.P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appear that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1(d) (expired sentence) generally has no application to an Arizona prisoner, like Petitioner, who is simply attacking the validity of his conviction or sentence.

Petitioner asserts no newly discovered evidence, and his underlying factual assertions have all been previously argued to the state courts. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application.

Paragraph (f) has no application because Petitioner's appeal was timely.

Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.

Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had "not established that trial error ...amounts to a claim of actual innocence").

<u>Summary</u> - Accordingly, the undersigned concludes that review through Arizona's direct appeal and post-conviction relief process is no longer possible for Petitioner's unexhausted claims, and that the unexhausted claims are now procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

## 3. Cause and Prejudice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas*, 945 F.2d at 1123. "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Here, Petitioner does not proffer any good cause to excuse his failures to exhaust, but relies solely on the purported merits of his claims.

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

Here, Petitioner makes no pretense of asserting his actual innocence. While he asserts the evidence against him was legally insufficient, that is not adequate to avoid his procedural default. Rather, his "procedural default could be excused if he could show actual, factual innocence, not just legal insufficiency of the evidence." *U.S. v. Ratigan,* 351 F.3d 957, 965 (9th Cir. 2003).

Accordingly, Petitioner's procedural defaults may not be avoided, and his procedurally defaulted claims must be dismissed with prejudice.

## B. MERITS

Respondents argue the merits of Petitioner's various claims. Because the undersigned concludes that Petitioner's claims are plainly procedurally defaulted, the merits of the claims are not reached.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in

habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed May 24, 2010 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.


## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: October 17, 2011

_____

JAY R. IRWIN
United States Magistrate Judge